# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**TIMOTHY MARK CALICUTT**

## ORDER OF DETENTION PENDING REVOCATION HEARING

Case Number: **1:08-CR-87**

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I – Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

☐ an offense for which the maximum sentence is life imprisonment or death.

☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
_____

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

## Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant has repeatedly failed to abide by conditions imposed by this court, the probation officer, and the halfway house-type programs, as evidenced most recently by signing out at CAP for the entire day on four occasions but not attending school. CAP also obtained employment for him at the VanAndel Arena, and reduced his hours when he complained that he was too tired from attending class. However, he has appeared there so infrequently they will not take him back. He has previously resided (continued on attachment)

## Part II – Written Statement of Reasons for Detention

I find that defendant has failed to show by clear and convincing evidence that there are conditions that will assure his presence for future court proceedings and that he is amenable to court supervision. If he is not amenable to court supervision, in other words, if he will not follow the direction of the court's officers, the court cannot rely upon him to appear as directed. There have been a number of instances of his failure to appear for various obligations in the past, and he has introduced no evidence to suggest to the court that he will do any better going forward. Thus, he has failed to meet his burden.

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: May 1, 2013

/s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq. ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq. ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B) -** (continued)

in Kalamazoo, when directed not to do so. He has failed to attend substance abuse testing and treatment, and has failed to submit reports when directed. He has failed to attend MRT as directed and has failed to have electronic monitoring equipment installed during a period of home confinement as ordered. Defendant indicates he may have a sales job available in Kalamazoo, but at the same time there is a violation of his supervised release pending indicating that he has not actively sought employment.